C. E. HOLLOWAY v. AMERICAN COTTON MILLS, INCORPORATED, AND
L. F. SCURRY.

(Filed 23 December, 1931.)

APPEAL by plaintiff from *Harding, J.,* and a jury, at May Term, 1931, of GASTON. No error.

The issues submitted to the jury and their answer thereto were as follows:

"1. Did the defendant Scurry unlawfully assault the plaintiff, as alleged in the complaint? Answer: No.

2. Did the defendant American Cotton Mills, Incorporated, through their agent, unlawfully assault the plaintiff as alleged in their complaint? Answer: ..........

3. What damages, if any, is the plaintiff entitled to recover? Answer: ............"

Upon the verdict the court below rendered judgment for the defendants. Plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*S. R. Cleary and J. L. Hamme for plaintiff.*
*Stonewall Jackson Durham for defendants.*

PER CURIAM. This was a civil action for damages growing out of the alleged wilful, wanton and malicious assault committed, upon the plaintiff by one of the defendants, L. F. Scurry, individually and as agent of the codefendant American Cotton Mills, Incorporated. The alleged assault having been committed by the defendant Scurry, while in the discharge of his duties as overseer of the defendant American Cotton Mills, Incorporated, during his regular hours of employment and on the premises of the American Cotton Mills, Incorporated, allegedly

in an effort to expel the plaintiff from the premises, in which plaintiff sustained serious bodily injuries.

The defendant Scurry in answer, admitted that he was an overseer of the American Cotton Mills, Incorporated, but denied that any part of his duties authorized him to assault the plaintiff, and as a defense to the action alleged that he did nothing more than defend himself against a murderous assault of the plaintiff made on him without cause with a knife.

The defendant American Cotton Mills, Incorporated, in answer says that "It is true that the defendant Scurry was employed as an overseer of the American Cotton Mills, Incorporated, and at the time set forth in the complaint was in charge of the American Cotton Mills Department, but it is denied that the said Scurry was authorized by this defendant to assault the plaintiff or that the said Scurry did in fact assault the plaintiff; and if in fact the said Scurry did assault the plaintiff he was acting wholly apart from any duty that was his by reason of his employment by this defendant."

From the evidence in the court below, the jury was fully justified in rendering the verdict they did. Upon careful review of the entire record and reading the briefs of the parties to the controversy, we can see no prejudicial or reversible error in the conduct of the trial of the action in the court below.

No error.

## DISPOSITION OF APPEALS FROM SUPREME COURT OF NORTH CAROLINA IN SUPREME COURT OF THE UNITED STATES

Southern Railway Company v. Hamilton and Seaboard Air Line Railroad Company v. Hamilton (200 N. C., 543). Petitions for writs of *certiorari* denied.